**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-1049

JERRY GORALSKI LAMB,

Plaintiff - Appellant,

v.

RICHARD V. SPENCER, Secretary of the Navy,

Defendant - Appellee,

and

STEVEN A. NICKELS, Department Head AIR 2.3, Director of Air ASW, Assault and Special Programs, Naval Air Systems Command; PAUL GROSKLAGS, Commander, Naval Airs Systems Command; DONNA BIBEE; TERRENCE O'CONNELL; RICHARD PAQUETTE; KATHERINE MATTSON; MICHELLE WEBB; KELLEY GRACE BEAN,

Defendants.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge. (8:16-cv-02705-PX)

Submitted: July 30, 2019                         Decided: August 26, 2019

Before MOTZ, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jerry Goralski Lamb, Appellant Pro Se. Kelly Marie Marzullo, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Goralski Lamb appeals the district court's order granting Appellee's motion for summary judgment.[*] Lamb challenges the district court's grant of summary judgment on Lamb's claims under the Rehabilitation Act of 1973, as amended, 29 U.S.C.A. §§ 701 to 7961 (West 2018), that Appellee failed to provide reasonable accommodations, discriminated against Lamb on the basis of his disability, and retaliated against Lamb for requesting accommodations.

We review an order granting summary judgment de novo, "drawing reasonable inferences in the light most favorable to the non-moving party." *Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 407 (4th Cir. 2015) (internal quotation marks omitted). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 408 (quoting Fed. R. Civ. P. 56(a)). To survive a summary judgment motion, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

---

[*] Appellee filed a motion to dismiss or, in the alternative, for summary judgment, and the district court dismissed some claims and granted summary judgment on others. However, on appeal, Lamb only disputes the district court's grant of summary judgment. Because he does not raise them on appeal, Lamb has forfeited review of the other claims contained in his complaint. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014).

3

We have reviewed the record and find no reversible error. Lamb was absent from work without approval for 43 days. In that time, despite repeated requests from Appellee, Lamb failed to provide adequate documentation establishing the nature of his disability and demonstrating that the requested accommodation would allow him to perform his job requirements. *See Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 581 (4th Cir. 2015). In addition, the record does not contain any evidence that Lamb's termination was based on discrimination or retaliation. *See Hannah P. v. Coats*, 916 F.3d 327, 342 (4th Cir. 2019); *Strothers v. City of Laurel*, 895 F.3d 317, 327 (4th Cir. 2018). We therefore conclude that the district court did not err in granting summary judgment on Lamb's Rehabilitation Act claims.

We thus affirm the district court's order and deny Lamb's request for the appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*